**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosario P. Aguilar, | No. CV 06-1342-PHX-SMM (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, | |
| Respondent. | |

Petitioner Rosario P. Aguilar, presently confined in the Arizona State Prison Complex Perryville, Santa Rosa Unit, in Goodyear, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will summarily dismiss the Petition.

**I. Procedural History**

On July 18, 2003, in the Maricopa County Superior Court, matter No. CR 2003-006203, Petitioner was convicted of fraudulent schemes and artifices pursuant to a guilty plea. He was sentenced to a term of five years. He filed a notice for post-conviction review in the Superior Court on September 9, 2003. On April 14, 2004, Petitioner's state post-conviction proceeding was dismissed for failure to file a petition for post-conviction relief within the extensions of time granted by the Superior Court. (See http://www.courtminutes.maricopa.gov/docs/Criminal/042004/m13867707.pdf). Petitioner filed a state petition for habeas corpus in February, 2005, which the state court treated as a petition for post-conviction relief and denied as untimely and on the grounds that Petitioner had not raised jurisdictional defects. The Arizona Court of Appeals subsequently denied

Petitioner review from that dismissal on November 23, 2005, and the Arizona Supreme Court denied review on March 9, 2006.

In his habeas petition, Petitioner raises two grounds for relief:  (1) the trial court lacked subject matter jurisdiction because his speedy trial rights had been violated under Arizona law, and (2) the indictment was "duplicitous" because it alleged nine victims in one count.  The petition will be summarily dismissed.

**II.  Summary Dismissal Standard**

The Court must undertake a prompt preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; see 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Id.; see also Obremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law pursuant to Habeas Rule 4).  "Congress envision[s] district courts taking an active role in summarily disposing of facially defective habeas petitions," Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998), because "[i]t would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss," id. at 1128.  Thus, a court may *sua sponte* raise issues that are identifiable from the face of the petition, including issues such as procedural default, id. at 1127-28 and the one-year limitation period of 28 U.S.C. § 2244(d), Day v. McDonough, 126 S. Ct. 1675, 1682 (2006), Herbst v. Cook, 260 F.3d 1039, 1041 (9th Cir. 2001).  In this case, Petitioner facially fails to allege a cognizable basis for relief.

**III.  Analysis**

Petitioner alleges that he pleaded guilty to the indictment.  He seeks habeas relief on the basis that the trial court lacked subject matter jurisdiction because his speedy trial rights were violated and his indictment was duplicitous.[1]

---

[1] "'An indictment is duplicitous where a single count joins two or more distinct and separate offenses.'" Qualls v. Goldsmith, 2006 WL 1307940 (9th Cir. 2006) (quoting

1  An unconditional guilty plea entered with the effective assistance of counsel constitutes a waiver of all non-jurisdictional, pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992). A speedy trial violation is not jurisdictional. See Nelson, 989 F.2d at 850; Cox, 970 F.2d at 453. Similarly, the duplicity of an indictment, as opposed to the failure to charge an offense on its face, is non-jurisdictional. See United States v. Moloney, 287 F.3d 236, 239 (2d Cir. 2002); United States v. Lampazianie, 251 F.3d 519, 525 n. 19 (5th Cir. 2001); United States v. Doherty, 17 F.3d 1056, 1058-59 (7th Cir. 1994); United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986). Because Petitioner pleaded guilty and he does not challenge here, and has not challenged in state court, the validity of his plea, he waived challenges to his conviction based on violations of his speedy trial rights or the duplicity of the indictment. For that reason, Petitioner cannot prevail on either claim and this action will be summarily dismissed.

**IT IS ORDERED:**

(1) Petitioner's petition for habeas relief is summarily **denied**. (Doc.# 1.)

(2) The Clerk of Court must enter judgment of dismissal.

DATED this 27th day of July, 2006.

_____
Stephen M. McNamee
United States District Judge

---

United States v. Ramirez-Martinez, 273 F.3d 903, 913 (9th Cir. 2001)). "The concern [with a duplicitous indictment] is that a jury will convict without agreeing unanimously on the act underlying the count." Id.